# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1824V
UNPUBLISHED

| | |
|---|---|
| JILL NELSON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 9, 2022<br><br>Special Processing Unit (SPU); Dismissal; Failure to Follow Court Orders; Failure to Prosecute; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, Chicago, IL, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On December 10, 2020, Jill Nelson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of her October 19, 2019 receipt of the influenza vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.  **Relevant Procedural History**

As noted above, the case was initiated in December 2020. Following activation from the Pre-Assignment Unit in February 2021 (ECF No. 11), and a preliminary assessment by Respondent in June 2021 (ECF No. 16), I directed Petitioner to prepare a demand for Respondent's consideration (ECF No. 17).

In a Status Report filed November 15, 2021, Petitioner's counsel represented that she was unable to contact Petitioner in order to prepare a demand, pursuant to my Order. ECF No. 21 (indicating counsel "continues to reach out to Petitioner to ascertain her damages, including a certified contact letter sent on November 2, 2021"). On December 10, 2021, I issued an Order advising Petitioner to promptly contact her counsel, adding that failure to do so could result in the dismissal of her claim for failure to prosecute. ECF No. 22.

On January 10, 2022, Petitioner's counsel filed a status report advising that she remained unable to contact Petitioner to discuss her case, and that in fact she had been unable to contact Petitioner since July 2021. ECF No. 23. In particular, from July to December 2021 counsel left Petitioner a total of 15 voicemail messages and sent Petitioner three emails. *Id.* Counsel further advised that she has sent three letters to Petitioner (one certified) by mail. *Id.* No confirmation of receipt was received by counsel for the certified letter, however, and letters sent by standard mail were not returned undeliverable. *Id.* A final effort was also made in December 2021 to contact Petitioner by text message. *Id.*

On February 2, 2022, I issued an Order to Show Cause, instructing Petitioner to file a response to my Order explaining why her claim should not be dismissed for failure to prosecute, and to provide other information in regard to her claim. Order to Show Cause at 2, ECF No. 24. Petitioner's counsel was specifically ordered to provide a copy of the Order to Show Cause to Petitioner by both regular and certified mail, as well as by electronic mail. *Id.* On March 4, 2022, Petitioner's counsel filed a Certification of Counsel, indicating that counsel had "served" on Petitioner a copy of my Order to Show Cause as directed. ECF No. 25.

Petitioner has personally filed no response to my Order to Show Cause.

II.  **Failure to Prosecute**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is

2

grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my Order filed December 10, 2021, and again in my February 2, 2022 Order to Show Cause, that her failure to follow orders issued in this matter (and specifically in this case the failure to communicate with her counsel) risked dismissal of the claim. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

### III.     Conclusion

Petitioner has failed to communicate with her counsel and to prosecute her claim. She has failed to provide the information necessary to proceed with her claim or respond to my February 2, 2022 Order to Show Cause.

**Accordingly, this case is DISMISSED for failure to prosecute**. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.